368 So.2d 1 (1979)
McKESSON ROBBINS, A Division of Foremost-McKesson, Inc.
v.
BRUNO'S, INC., d/b/a Big B Discount Store and First Alabama Bank of Birmingham.
77-391.
Supreme Court of Alabama.
January 26, 1979.
Rehearing Denied March 2, 1979.
W. B. Hairston of Engel, Hairston, Moses & Johanson, Leonard M. Schwartz, Birmingham, for appellant.
Thomas H. Brown of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Birmingham, for appellee, Bruno's, Inc., d/b/a Big B Discount Store.
Joseph W. Mathews, Jr., Birmingham, for appellee, First Alabama Bank of Birmingham.
MADDOX, Justice.
This case comes upon the pleadings. The substance of the allegations in the pleadings, in narrative and conclusionary form, are as follows:
Sav-On Drugs operated a drugstore in Clanton, Alabama. It owed First Alabama Bank of Birmingham a substantial debt for a loan of money which was personally guaranteed by its president, Donald R. Dennis. Dennis had obligations to First Alabama other than this guaranty. Except for the personal guarantee, these debts were not secured.
At the request of First Alabama Bank, Sav-On Drugs sold all, or a major portion of, its inventory to Bruno's, Inc. d/b/a Big B Discount Store for $82,500.00. The proceeds from this sale were by endorsement, paid to the First Alabama Bank in the form received. These proceeds were applied by the bank to the debts due the bank by the Sav-On Drugs and to the debts due the bank by Donald R. Dennis.
Prior to the sale of the inventory, Sav-On Drugs did not give Bruno's a list of the names and addresses of its creditors.
Prior to the sale, Bruno's did not cause a notice of the sale to be sent to the creditors of Sav-On Drugs.
At the time of the transfer, McKesson Robbins was a creditor of Sav-On Drugs, having an obligation of $11,260.44 due by account for the sale and purchase of inventory.
The trial judge granted a motion to dismiss by the defendants. The record does not show that the trial judge considered matters outside the motion in dismissing *2 the cause. He entered a Rule 54(b) judgment. Plaintiff appealed.
Plaintiff McKesson Robbins claims these questions are presented:
(1) Does the complaint as last amended state a cause of action against Bruno's Inc., d/b/a Big B Discount?
(2) Does the complaint, as last amended, state a cause of action against First Alabama Bank of Birmingham?
(3) Where there is a bulk transfer of inventory, does the creditor of the transferor have any action against the transferee where the transferee has failed to comply with the provisions of Article 6 of the UCC of Alabama on Bulk Transfers (§ 7-6-101 through 7-6-111, Code 1975)?
Plaintiff's main argument is that the trial judge considered only the allegations of the complaint, as amended, and the motions to dismiss, and did not consider anything outside the pleadings, and that its complaint, as amended, alleges facts that give rise to the conclusion that the appellees, along with those defendants who were not dismissed as defendants, participated in a scheme, artifice or device to hinder or delay the appellant in the collection of its debt by a secret conversion of Sav-On Drugs' assets into proceeds that were placed beyond the reach of the ordinary processes of law.
Appellees claim that the complaint was due to be dismissed because it failed to allege fraud, much less with particularity, and that there was a failure to state a claim for relief for damages for violation of the Commercial Code's Bulk Sale requirement.
We reverse and remand.
Rule 8 provides that all pleadings shall be so construed as to do substantial justice. We conclude that plaintiff, McKesson-Robbins' allegations are "more than bare bones pleadings. The meat thereon more than satisfies Rule 8." Brunswick Corp. v. Vineberg, 370 F.2d 605 (5 Cir., 1967), at page 610; Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.

ON REHEARING
MADDOX, Justice.
On application for rehearing, First Alabama Bank contends that the original opinion claims the bank violated the Bulk Sales Act. The opinion does nothing of the kind. The holding of the original opinion is quite simple.
A complaint which alleges, in substance, that a party or parties "participated in a scheme, artifice or device to hinder or delay [a creditor] in the collection of a debt," is more than "bare bones pleading." The trial judge was faced with a motion to dismiss which alleges (1) that the complaint fails to state a claim and (2) that the complaint does not allege fraud with particularity. He considered nothing outside the pleading; therefore, he should not have dismissed the complaint.
The original opinion deals with a question of law relative to pleading, not liability. We expressed no opinion on whether the plaintiff could or could not succeed on its complaint, or at what stage the action might be correctly terminated, only that the plaintiff, under our new rules of procedure, should not have been thrown out of court by a mere motion to dismiss its complaint.
The original opinion is extended and the application for rehearing is denied.
OPINION EXTENDED; APPLICATION FOR REHEARING DENIED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.